UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

UNITED STATES OF AMERICA,

              Plaintiff,

v.

ANDREW D. UJDAK,

              Defendant.

——————————————————/

Case No. 1:03-CR-136

Hon. Richard Alan Enslen

**<u>OPINION</u>**

       This matter is before the Court on Defendant Andrew D. Ujdak's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Oral argument or other hearing on the Motions are unnecessary since the briefing "conclusively shows that the prisoner is entitled to no relief." *Moss v. United States*, 323 F.3d 445, 471 (6th Cir. 2003). *See also* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

       Defendant has also filed a Motion to Request and Compel Production of Documents Pursuant to Rule 5(c) Governing Section 2255 Proceedings and for Extension of Time if Necessary. This Motion will be denied for the reasons given in the United States' Response. Namely, the documents sought by Defendant do not justify relief regarding his Section 2255 Motion and their production would be an unnecessary waste of public resources. *See Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976); *Williams v. Bagley*, 380 F.3d 932, 974-76 (6th Cir. 2004); *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). Likewise, Defendant's Motion to Request does not warrant any further delay in the resolution of Defendant's section 2255 Motion, which has already been delayed by Defendant's multiple filings and motions.

**BACKGROUND**

Defendant Andrew D. Ujdak pled guilty to the offense of money laundering on June 6, 2003. He was subsequently sentenced on November 19, 2003 to a term of 90 months imprisonment. The term of imprisonment was due in part to the large amount of bank funds which were lost due to the bank fraud, the large loss amount attributed to Defendant's criminal conduct, and the significant effects upon the financial institution and local community.

After judgment, Defendant failed to appeal his sentence. He did file a section 2255 motion on October 15, 2004, but that motion was later withdrawn by Defendant because the United States filed a Rule 35 motion requesting a reduced sentence due to Defendant's substantial assistance.[1] The Rule 35 motion was heard on July 19, 2005. The Court then granted the Rule 35 motion and reduced Defendant's sentence by three months. (*See* Corrected Second Am. J., Dkt. No. 64.) Throughout the proceedings, the Court was convinced that Defendant's criminal conduct warranted significant punishment due to the extent of the fraud and its effect upon the local bank, its employees, customers and the local community.

On or about July 12, 2006, Defendant filed the present Motion seeking relief under section 2255. The grounds for relief stated in the Motion, as later amended, include: (1) that the Government supposedly violated the "Petite Policy" in connection with the prosecution and a prior Plea Agreement made in the Northern District of Indiana; (2) that victims' rights legislation, allowing victims to speak at sentencing hearings, was unconstitutional and adversely affected him in connection with the sentencing and the Rule 35 proceedings; (3) that his rights to due process of

---

[1] Defendant moved to withdraw his Section 2255 Motion and the Motion to Withdraw was granted by Order of March 21, 2005.

law were violated during the sentencing because the Government failed to disclose exculpatory evidence to the defense; (4) that his rights to due process were violated by the undersigned's supposed confusion about facts pertinent to the sentencing and the Rule 35 proceedings; and (5) that his rights were violated by ineffective assistance of counsel at the Rule 35 hearing. (*See* Dkt. Nos. 67, 79 & 81.)

## LEGAL STANDARDS

The standards for relief under 28 U.S.C. § 2255 are necessarily limited. The Sixth Circuit Court of Appeals has said:

> In order to prevail upon a section 2255 motion, the petitioners "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."

*Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001)).

Relief under section 2255 is not intended as a substitute for an appeal. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003). Thus, a movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error or "actual innocence." *See United States v. Frady*, 456 U.S. 152, 164-67 (1982); *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000).

Typically, a section 2255 movant attempts to meet these requirements by proof that the movant's attorney's representation was ineffective and a violation of the movant's Sixth Amendment rights. Under certain circumstances, constitutionally ineffective assistance of counsel may constitute both a violation of Defendant's Sixth Amendment rights and "cause" for the failure to raise issues

3

on direct appeal.  The United States Supreme Court's bell-weather decision on effective assistance

of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, to establish ineffective assistance of counsel, the movant must show both

that counsel's performance was deficient and that the deficient performance prejudiced the defense.

*Id.* at 687.  In gauging counsel's performance, the Supreme Court emphasized that,

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too
> tempting for a defendant to secondguess counsel's assistance after conviction or
> adverse sentence, and it is all too easy for a court, examining counsel's defense after
> it has proved unsuccessful, to conclude that a particular act or omission of counsel
> was unreasonable. . . .  A fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to reconstruct the
> circumstances of counsel's challenged conduct, and to evaluate the conduct from
> counsel's perspective at the time.  Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that counsel's conduct falls
> within the wide range of reasonable professional assistance; that is, the defendant
> must overcome the presumption that, under the circumstances, the challenged action
> "might be considered sound trial strategy."

*Id.* at 689 (citations omitted).

In determining prejudice, the courts are to determine whether, "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  A reasonable probability is a probability sufficient to undermine confidence in the

outcome."  *Id.* at 694.  *See also O'Hara v. Wigginton*, 29 F.3d 823, 828 (6th Cir. 1994).

## LEGAL ANALYSIS

This analysis begins with an important distinction between the various grounds argued by

Defendant.  Some of those grounds relate to his original sentencing, while others relate to the Rule

35 proceedings.  Some of the grounds relate to both proceedings, but the arguments made may be

separately analyzed in terms of those two proceedings.  The Court determines that the grounds

pertinent to the sentencing are precluded by the one-year limitation period contained within section 2255. The Court further determines that the grounds pertinent to the Rule 35 hearing are precluded because there is no factual or constitutional basis for relief under section 2255 and because section 2255 and the habeas statutes generally do not intend a remedy in these circumstances.

### 1. Limitation Period

The following analysis from the Sixth Circuit Court of Appeals explains the operation of the one-year limitation period applicable under section 2255:

> The language of § 2255 provides that, except in circumstances not present or asserted here, the one-year statute of limitations for § 2255 motions begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. As a general matter, convictions become final upon conclusion of direct review. *See United States v. Cottage,* 307 F.3d 494, 498 (6th Cir.2002). When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States,* 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). By parity of reasoning, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

In this case, most of the one-year limitation period ran out before Defendant filed his first section 2255 motion. The remainder of that period was then exhausted by virtue of Defendant's withdrawal of his first section 2255 motion together with the expiration of additional time before the filing of his second section 2255 motion. Although the first motion was dismissed without prejudice, the time limitation period had long expired before Defendant's July 2006 filing of the second section 2255 motion. No circumstances are cited supporting any equitable extension of the limitation period, nor is such an extension appropriate given the factors pertinent to the consideration

of equitable extensions. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006) (citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001)).  As such, all of Defendant's arguments pertinent to his original sentencing are precluded by the one-year limitation period.

### 2. Rule 35 Proceedings

It is clear that Defendant's arguments pertinent to the Rule 35 proceedings are not exactly trapped by the one-year limitation period since the Rule 35 proceedings did not occur until after the limitation period had run.  However, these claims are nevertheless not legally viable.  First, to the extent that Defendant challenges the performance of counsel during the Rule 35 proceedings under the Sixth Amendment, his claims fail because no Sixth Amendment right to counsel attaches to those proceedings.  *United States v. Taylor*, 414 F.3d 528, 535-37 (4th Cir. 2005); *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996).

Second, the remainder of Defendant's Rule 35 claims–that his constitutional rights to due process were violated by the conduct of the proceedings, including the statements of affected victims and misstatements of the trial judge which were corrected during the proceedings–fail to establish any viable theory for relief.[2]  The record of the proceedings shows that the sentencing framework was determined during the prior sentencing hearing, which determinations were not timely appealed or challenged.  The Rule 35 hearing related only to what additional relief should be granted to

---

[2]Defendant refers to two kinds of misstatements in his moving papers.  As to misstatements of the record during the Rule 35 proceedings, those misstatements were corrected and did not adversely affect the adjudication.  Regarding misstatements of the record made during later sentencing proceedings of other Defendants (which misstatements were made because the Court was referring to Defendant's case in general, without reference to court documents, for the purpose of making hortatory comments to other criminal defendants), those misstatements had no effect upon Defendant or the proceedings.

Defendant due to his assistance to the Government, a question which called upon the District Court to both determine the extent of assistance and quantify its value in terms of a discretionary sentencing reduction.  The record does not show any defect in the proceedings which fundamentally affected Defendant's rights of due process.  Defendant received a discretionary sentencing reduction. Although he may be dissatisfied with the extent of that reduction, his dissatisfaction, and disdain for both the Court, the prosecution and his victims, does not show any due process violation or other basis for relief under section 2255.

Third, it should be noted that the statutory and procedural rules surrounding Rule 35 relief are not intended to create an extensive post-judgment remedial framework regarding the extent of discretionary sentencing reductions.  Indeed, Title 18 U.S.C. § 3742(a) limits appellate review of Rule 35(b) denials to very limited situations (misunderstandings of sentencing authority) which are not applicable to the present situation.  *See United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003).  Consistent with *Moran*, the Court believes that any authority to collaterally modify a sentence due to defects in Rule 35 proceedings must be very narrowly circumscribed.  Without deciding those exact limitations, which is unnecessary, it is clear that the present case is not an appropriate circumstance for the issuance of any collateral Rule 35 relief.[3]

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir.

---

[3]The Court also approves by reference the other various arguments of the Government for denying relief as to Defendant Ujdak.  Those arguments, and the Affidavit of attorney Craig A. Frederick, provide additional bases for denying all the relief sought by Defendant.

2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the five grounds asserted, the Court determines that this standard is not met as to any of the grounds asserted. As such, a certificate of appealability will be denied as to all grounds asserted.

## <u>CONCLUSION</u>

Therefore, a Final Order shall enter denying all relief sought, and denying a certificate of appealability as to all grounds argued by Defendant.

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
         January 26, 2007        RICHARD ALAN ENSLEN
                                   SENIOR UNITED STATES DISTRICT JUDGE