UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:03-CR-136 |
| v. | Hon. Richard Alan Enslen |
| ANDREW D. UJDAK, | |
| Defendant. | **ORDER** |
| _____/ | |

Defendant Andrew D. Ujdak has filed a Motion to Reconsider the Court's Opinion and Final Order of January 26, 2007, which denied his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Oral argument is unnecessary in light of the briefing.

Since the present Motion to Reconsider appears to have been delivered to prison officials for mailing on February 8, 2007, it appears to be timely under Federal Rule of Civil Procedure 59(e). Rule 59(e) authorizes relief due to: (1) an intervening change in law; (2) previously unavailable evidence has become available; or (3) the correction of a clear error of law or prevention of manifest injustice. *See Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (citing cases).

Defendant's first argument in favor of Rule 59(e) relief is that the Court erred in issuing the Opinion and Final Order without awaiting Defendant's reply to an extension motion. This premise is legally mistaken. The extension motion was a non-dispositive motion under Western District of Michigan Local Civil Rule 7.3(c). As to such motions, replies are not permitted without leave of court, which had not been granted. *See* W.D. Mich. L. Civ. R. 7.3(c). Therefore, there was no reason to wait for a reply and no error in addressing the underlying issues without a reply.

Defendant's second argument is that since the United States characterized Defendant's section 2255 Motion as "timely" in its August 16, 2006 Motion for Extension of Time, it waived later argument that the motion was untimely filed. The legal basis for this argument is cited as Federal Rule of Appellate Procedure 8(c) and the United States Supreme Court's decision in *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970). The decision in *Ashe* relates to the effect to be given a prior criminal acquittal in a subsequent prosecution on related charges. That decision does not relate at all to the present situation. Rule 8(c) also does not support relief in this instance. Plaintiff was required by Rule 5(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts to assert its defenses in its Answer by the date established by the District Court. The Answer was filed on January 3, 2007, was accepted as a timely Answer by this Court and did assert an untimeliness defense. (Resp. 4-6.) The previous one-word characterization of the section 2255 Motion as "timely" was an unfortunate characterization, typical of form pleadings, but was clearly not intended as a waiver of the United States' subsequent untimeliness defense argument. That defense was properly asserted by the United States. As such, this argument is rejected.

The balance of Defendant's arguments were previously considered in the Court's Opinion and Final Order denying relief. Defendant has not shown legal error in said Opinion and Final Order, nor any other basis for relief under Rule 59(e).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Andrew D. Ujdak's Motion to Reconsider (Dkt. No. 106) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 22, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |